**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOSEPH A. SALAZAR JR., SB# 169551
  E-Mail: Joe.Salazar@lewisbrisbois.com
RYAN MATTHEWS, SB# 311674
  E-Mail: Ryan.Matthews@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Defendant, ACCURATE
STEEL TREATING, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LOS ANGELES WATERKEEPER,<br><br>Plaintiff,<br><br>vs.<br><br>ACCURATE STEEL TREATING, INC.,<br><br>Defendant. | Case No. 2:24-cv-07503-SK<br><br>**ANSWER TO COMPLAINT**<br><br>Judge:  Magistrate Steve Kim, Crtrm. 540, 5th Floor<br><br>Trial Date:        None Set |

COMES NOW Defendant, ACCURATE STEEL TREATING, INC. ("Defendant") and in answering the Complaint of Plaintiffs LOS ANGELES WATERKEEPER ("Plaintiff"), herein deny and allege as follows:

**I.    JURISDICTION AND VENUE**

1.    The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

2.    Defendant lacks sufficient information at this time to affirmatively admit or deny the allegations in this Paragraph, and on that basis responds: Deny.

3.    Defendant lacks sufficient information at this time to affirmatively admit or deny the allegations in this Paragraph, and on that basis responds: Deny.

4.    The allegations in this Paragraph are legal conclusions which do not

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  require a response. To the extent such a response is required, Defendant responds:

2  Deny.

3  **II.    <u>INTRODUCTION</u>**

4        5.    Defendant Admits the allegations of this Paragraph.

5        6.    The allegations in this Paragraph are legal conclusions which do not

6  require a response. To the extent such a response is required, Defendant responds:

7  Deny.

8        7.    The allegations in this Paragraph are legal conclusions which do not

9  require a response. To the extent such a response is required, Defendant responds:

10 Deny.

11       8.    The allegations in this Paragraph are legal conclusions which do not

12 require a response. To the extent such a response is required, Defendant responds:

13 Deny.

14       9.    The allegations in this Paragraph are legal conclusions which do not

15 require a response. To the extent such a response is required, Defendant responds:

16 Deny.

17       10.    The allegations in this Paragraph are legal conclusions which do not

18 require a response. To the extent such a response is required, Defendant responds:

19 Deny.

20       11.    The allegations in this Paragraph are legal conclusions which do not

21 require a response. To the extent such a response is required, Defendant responds:

22 Deny.

23       12.    The allegations in this Paragraph are legal conclusions which do not

24 require a response. To the extent such a response is required, Defendant responds:

25 Deny.

26       13.    The allegations in this Paragraph are legal conclusions which do not

27 require a response. To the extent such a response is required, Defendant responds:

28 Deny.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

14.     The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

15.     The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

16.     The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

17.     The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

18.     The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

19.     The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

20.     The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

21.     The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

22.     The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

23.     The allegations in this Paragraph are legal conclusions which do not

ANSWER TO COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

require a response. To the extent such a response is required, Defendant responds: Deny.

24.     The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

25.     The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

**III.    <u>PARTIES</u>**

26.     Defendant lacks sufficient information at this time to affirmatively admit or deny the allegations in this Paragraph, and on that basis responds: Deny.

27.     Defendant lacks sufficient information at this time to affirmatively admit or deny the allegations in this Paragraph, and on that basis responds: Deny.

28.     Defendant lacks sufficient information at this time to affirmatively admit or deny the allegations in this Paragraph, and on that basis responds: Deny.

29.     Defendant lacks sufficient information at this time to affirmatively admit or deny the allegations in this Paragraph, and on that basis responds: Deny.

30.     Defendant lacks sufficient information at this time to affirmatively admit or deny the allegations in this Paragraph, and on that basis responds: Deny.

31.     Defendant lacks sufficient information at this time to affirmatively admit or deny the allegations in this Paragraph, and on that basis responds: Deny.

32.     Defendant lacks sufficient information at this time to affirmatively admit or deny the allegations in this Paragraph, and on that basis responds: Deny.

33.     The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

34.     Defendant Admits the allegations of this Paragraph.

35.     The allegations in this Paragraph are legal conclusions which do not

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

require a response. To the extent such a response is required, Defendant responds: Deny.

36.    The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

37.    The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

## IV.    LEGAL BACKGROUND

### A.    Clean Water Act

38.    The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

39.    The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

40.    The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

41.    The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

42.    The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

43.    The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1      44.      The allegations in this Paragraph are legal conclusions which do not

2  require a response. To the extent such a response is required, Defendant responds:

3  Deny.

4      45.      The allegations in this Paragraph are legal conclusions which do not

5  require a response. To the extent such a response is required, Defendant responds:

6  Deny.

7      B.      <u>California's General Industrial Storm Water Permit</u>

8      46.      The allegations in this Paragraph are legal conclusions which do not

9  require a response. To the extent such a response is required, Defendant responds:

10  Deny.

11      47.      The allegations in this Paragraph are legal conclusions which do not

12  require a response. To the extent such a response is required, Defendant responds:

13  Deny.

14      48.      The allegations in this Paragraph are legal conclusions which do not

15  require a response. To the extent such a response is required, Defendant responds:

16  Deny.

17      49.      The allegations in this Paragraph are legal conclusions which do not

18  require a response. To the extent such a response is required, Defendant responds:

19  Deny.

20      50.      The allegations in this Paragraph are legal conclusions which do not

21  require a response. To the extent such a response is required, Defendant responds:

22  Deny.

23      51.      The allegations in this Paragraph are legal conclusions which do not

24  require a response. To the extent such a response is required, Defendant responds:

25  Deny.

26      52.      The allegations in this Paragraph are legal conclusions which do not

27  require a response. To the extent such a response is required, Defendant responds:

28  Deny.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

53.     The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

54.     The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

55.     The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

56.     The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

57.     The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

58.     The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

59.     The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

60.     The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

61.     The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

62.     The allegations in this Paragraph are legal conclusions which do not

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

ANSWER TO COMPLAINT

1  require a response. To the extent such a response is required, Defendant responds:
2  Deny.

3      63.    The allegations in this Paragraph are legal conclusions which do not
4  require a response. To the extent such a response is required, Defendant responds:
5  Deny.

6      64.    The allegations in this Paragraph are legal conclusions which do not
7  require a response. To the extent such a response is required, Defendant responds:
8  Deny.

9      65.    The allegations in this Paragraph are legal conclusions which do not
10 require a response. To the extent such a response is required, Defendant responds:
11 Deny.

12     66.    The allegations in this Paragraph are legal conclusions which do not
13 require a response. To the extent such a response is required, Defendant responds:
14 Deny.

15     67.    The allegations in this Paragraph are legal conclusions which do not
16 require a response. To the extent such a response is required, Defendant responds:
17 Deny.

18     68.    The allegations in this Paragraph are legal conclusions which do not
19 require a response. To the extent such a response is required, Defendant responds:
20 Deny.

21     69.    The allegations in this Paragraph are legal conclusions which do not
22 require a response. To the extent such a response is required, Defendant responds:
23 Deny.

24     70.    The allegations in this Paragraph are legal conclusions which do not
25 require a response. To the extent such a response is required, Defendant responds:
26 Deny.

27     71.    The allegations in this Paragraph are legal conclusions which do not
28 require a response. To the extent such a response is required, Defendant responds:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Deny.

2  72.   The allegations in this Paragraph are legal conclusions which do not

3  require a response. To the extent such a response is required, Defendant responds:

4  Deny.

5  73.   The allegations in this Paragraph are legal conclusions which do not

6  require a response. To the extent such a response is required, Defendant responds:

7  Deny.

8  74.   The allegations in this Paragraph are legal conclusions which do not

9  require a response. To the extent such a response is required, Defendant responds:

10  Deny.

11  **V.   STATEMENT OF FACTS**

12  A.   The Facility

13  75.   Defendant Admits the allegations of this Paragraph.

14  76.   Defendant lacks sufficient information at this time to affirmatively

15  admit or deny the allegations in this Paragraph, and on that basis responds: Deny.

16  77.   Defendant lacks sufficient information at this time to affirmatively

17  admit or deny the allegations in this Paragraph, and on that basis responds: Deny.

18  78.   The allegations in this Paragraph are legal conclusions which do not

19  require a response. To the extent such a response is required, Defendant responds:

20  Deny.

21  79.   Defendant Admits the allegations of this Paragraph.

22  80.   Defendant Admits the allegations of this Paragraph.

23  81.   The allegations in this Paragraph are legal conclusions which do not

24  require a response. To the extent such a response is required, Defendant responds:

25  Deny.

26  82.   Defendant lacks sufficient information at this time to affirmatively

27  admit or deny the allegations in this Paragraph, and on that basis responds: Deny.

28  83.   Defendant lacks sufficient information at this time to affirmatively

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

admit or deny the allegations in this Paragraph, and on that basis responds: Deny.

84.     Defendant lacks sufficient information at this time to affirmatively admit or deny the allegations in this Paragraph, and on that basis responds: Deny.

85.     Defendant lacks sufficient information at this time to affirmatively admit or deny the allegations in this Paragraph, and on that basis responds: Deny.

86.     The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

87.     The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

88.     The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

89.     The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

90.     The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

B.     <u>The Facility's Storm Water Discharges</u>

91.     Defendant lacks sufficient information at this time to affirmatively admit or deny the allegations in this Paragraph, and on that basis responds: Deny.

92.     The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

93.     The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Deny.

2      94.    The allegations in this Paragraph are legal conclusions which do not

3  require a response. To the extent such a response is required, Defendant responds:

4  Deny.

5      95.    The allegations in this Paragraph are legal conclusions which do not

6  require a response. To the extent such a response is required, Defendant responds:

7  Deny.

8      96.    The allegations in this Paragraph are legal conclusions which do not

9  require a response. To the extent such a response is required, Defendant responds:

10 Deny.

11     97.    The allegations in this Paragraph are legal conclusions which do not

12 require a response. To the extent such a response is required, Defendant responds:

13 Deny.

14     98.    The allegations in this Paragraph are legal conclusions which do not

15 require a response. To the extent such a response is required, Defendant responds:

16 Deny.

17     99.    The allegations in this Paragraph are legal conclusions which do not

18 require a response. To the extent such a response is required, Defendant responds:

19 Deny.

20     100.   The allegations in this Paragraph are legal conclusions which do not

21 require a response. To the extent such a response is required, Defendant responds:

22 Deny.

23     101.   The allegations in this Paragraph are legal conclusions which do not

24 require a response. To the extent such a response is required, Defendant responds:

25 Deny.

26     102.   The allegations in this Paragraph are legal conclusions which do not

27 require a response. To the extent such a response is required, Defendant responds:

28 Deny.



103. The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

104. The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

105. The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

106. The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

107. The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

108. The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

109. The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

110. The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

111. The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

112. The allegations in this Paragraph are legal conclusions which do not

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

require a response. To the extent such a response is required, Defendant responds: Deny.

113.   The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

114.   The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

115.   The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

116.   The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

117.   The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

118.   The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

## VI.    <u>CLAIMS FOR RELIEF</u>

### <u>FIRST CLAIM FOR RELIEF</u>

119.   The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

120.   The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

121.   The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

122.   The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

123.   The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

124.   The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

125.   The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

126.   The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

127.   The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

## SECOND CLAIM FOR RELIEF

128.   The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

129.   The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1      130.    The allegations in this Paragraph are legal conclusions which do not
2  require a response. To the extent such a response is required, Defendant responds:
3  Deny.

4      131.    The allegations in this Paragraph are legal conclusions which do not
5  require a response. To the extent such a response is required, Defendant responds:
6  Deny.

7      132.    The allegations in this Paragraph are legal conclusions which do not
8  require a response. To the extent such a response is required, Defendant responds:
9  Deny.

10     133.    The allegations in this Paragraph are legal conclusions which do not
11  require a response. To the extent such a response is required, Defendant responds:
12  Deny.

13     134.    The allegations in this Paragraph are legal conclusions which do not
14  require a response. To the extent such a response is required, Defendant responds:
15  Deny.

16     135.    The allegations in this Paragraph are legal conclusions which do not
17  require a response. To the extent such a response is required, Defendant responds:
18  Deny.

19     136.    The allegations in this Paragraph are legal conclusions which do not
20  require a response. To the extent such a response is required, Defendant responds:
21  Deny.

22     137.    The allegations in this Paragraph are legal conclusions which do not
23  require a response. To the extent such a response is required, Defendant responds:
24  Deny.

25     138.    The allegations in this Paragraph are legal conclusions which do not
26  require a response. To the extent such a response is required, Defendant responds:
27  Deny.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## **THIRD CLAIM FOR RELIEF**

2      139.   The allegations in this Paragraph are legal conclusions which do not
3  require a response. To the extent such a response is required, Defendant responds:
4  Deny.

5      140.   The allegations in this Paragraph are legal conclusions which do not
6  require a response. To the extent such a response is required, Defendant responds:
7  Deny.

8      141.   The allegations in this Paragraph are legal conclusions which do not
9  require a response. To the extent such a response is required, Defendant responds:
10  Deny.

11      142.   The allegations in this Paragraph are legal conclusions which do not
12  require a response. To the extent such a response is required, Defendant responds:
13  Deny.

14      143.   The allegations in this Paragraph are legal conclusions which do not
15  require a response. To the extent such a response is required, Defendant responds:
16  Deny.

17      144.   The allegations in this Paragraph are legal conclusions which do not
18  require a response. To the extent such a response is required, Defendant responds:
19  Deny.

20      145.   The allegations in this Paragraph are legal conclusions which do not
21  require a response. To the extent such a response is required, Defendant responds:
22  Deny.

23      146.   The allegations in this Paragraph are legal conclusions which do not
24  require a response. To the extent such a response is required, Defendant responds:
25  Deny.

26      147.   The allegations in this Paragraph are legal conclusions which do not
27  require a response. To the extent such a response is required, Defendant responds:
28  Deny.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# **FOURTH CLAIM FOR RELIEF**

148.    The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

149.    The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

150.    The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

151.    The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

152.    The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

153.    The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

154.    The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

155.    The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

156.    The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   157.   The allegations in this Paragraph are legal conclusions which do not

2   require a response. To the extent such a response is required, Defendant responds:

3   Deny.

4   **FIFTH CLAIM FOR RELIEF**

5   158.   The allegations in this Paragraph are legal conclusions which do not

6   require a response. To the extent such a response is required, Defendant responds:

7   Deny.

8   159.   The allegations in this Paragraph are legal conclusions which do not

9   require a response. To the extent such a response is required, Defendant responds:

10  Deny.

11  160.   The allegations in this Paragraph are legal conclusions which do not

12  require a response. To the extent such a response is required, Defendant responds:

13  Deny.

14  161.   The allegations in this Paragraph are legal conclusions which do not

15  require a response. To the extent such a response is required, Defendant responds:

16  Deny.

17  162.   The allegations in this Paragraph are legal conclusions which do not

18  require a response. To the extent such a response is required, Defendant responds:

19  Deny.

20  163.   The allegations in this Paragraph are legal conclusions which do not

21  require a response. To the extent such a response is required, Defendant responds:

22  Deny.

23  **VII.   RELIEF REQUESTED**

24  a.      The allegations in this Paragraph are legal conclusions which do not

25  require a response. To the extent such a response is required, Defendant responds:

26  Deny.

27  b.      The allegations in this Paragraph are legal conclusions which do not

28  require a response. To the extent such a response is required, Defendant responds:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Deny.

c.      The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

d.      The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

e.      The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

f.      The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

g.      The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

h.      The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

i.      The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

j.      The allegations in this Paragraph are legal conclusions which do not require a response. To the extent such a response is required, Defendant responds: Deny.

## **FIRST AFFIRMATIVE DEFENSE**

### **(Standing)**

164.   As a first, separate, and affirmative defense to the Complaint,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    Defendant alleges that Plaintiff's Complaint, in its entirety, is unenforceable and

2    void of legally required standing to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

5    165.   As a second, separate, and affirmative defense to the Complaint,

6    Defendant alleges that neither the Plaintiff's Complaint, in its entirety, nor any

7    purported cause of action set forth therein, alleges facts sufficient to constitute a

8    cause of action against Defendant.

### THIRD AFFIRMATIVE DEFENSE

### (Lack of Jurisdiction)

11    166.   As a third, separate, and affirmative defense to the Complaint,

12    Defendant alleges they are not in violation of any permit, standard, regulation,

13    condition, requirement, prohibition, or order contemplated by the laws and

14    regulations cited in the Complaint, and thus, this Court lacks jurisdiction over this

15    action.

### FOURTH AFFIRMATIVE DEFENSE

### (Past Violations)

18    167.   As a fourth, separate, and affirmative defense to the Complaint,

19    Defendant is informed and believes, and on such information and belief, alleges that

20    to the extent that Plaintiff alleges only wholly past violations, these are not subject

21    to the citizen suit provisions of the Clean Water Act. 33 U.S.C. § 1365. Therefore,

22    this Court lacks jurisdiction over Plaintiff's First Cause of Action, and Plaintiff has

23    failed to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

### (De Minimis Impact)

26    168.   As a fifth, separate, and affirmative defense to the Complaint,

27    Defendant is informed and believes, and on such information and belief, alleges that

28    this Court lacks subject matter jurisdiction because Defendant has made no impact

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

146652687.1

20

ANSWER TO COMPLAINT

or, at most, a de minimis impact, to Waters of the United States to the extent there has been a discharge to the Waters of the United States.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

169.    As a sixth, separate, and affirmative defense to Complaint, Defendant alleges the Plaintiff delayed unreasonably in bringing the claims herein so as to prejudice the Defendant's ability to defend against the claims in the Complaint and that the claims are therefore barred.

## SEVENTH AFFIRMATIVE DEFENSE

### (Eighth Amendment)

170.    As a seventh, separate, and affirmative defense to the Complaint, Defendant alleges that Plaintiffs claims herein, and each and every cause of action alleging damages to Plaintiff therein, under the Clean Water Act violate Defendant's rights under the Eighth Amendment to the United States Constitution, which prohibits the imposition of excessive fines. As applied in the manner requested by Plaintiff, any imposed penalty would be so severe and oppressive as to be a manifest violation of the constitutional prohibition of excessive fines and wholly disproportionate to the alleged offense giving rise to any penalty.

## EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

171.    As an eighth, separate, and affirmative defense to the Complaint, Defendant alleges that any alleged past action of Defendant is barred by the applicable statutes of limitations, including but not limited to 28 U.S.C. § 2462 which bars a claim "five years from the date when the claim first accrued."

## NINTH AFFIRMATIVE DEFENSE

### (Third Parties)

172.    As a ninth, separate, and affirmative defense to the Complaint, Defendant alleges they are not liable for any alleged violations caused by or

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  resulting from intervening acts of third parties not under Defendant's control, and if

2  the Clean Water Act requires that Defendant be liable for such acts, then

3  Defendant's rights to due process and equal protection under the Fifth and

4  Fourteenth Amendments to the United States Constitution have been violated.

5  Furthermore, any damage to Plaintiff or statutory violation, which Defendant denies,

6  is due to the acts or omissions of third parties for which Defendant is not liable.

7  **TENTH AFFIRMATIVE DEFENSE**

8  **(Intervening Act)**

9  173.   As a tenth, separate, and affirmative defense to the Complaint,

10  Defendant alleges that they cannot be liable for any alleged violations caused by or

11  resulting from superseding intervening causes, and if the Clean Water Act requires

12  that Defendant be liable for such acts, then Defendant's rights to due process and

13  equal protection under the Fifth and Fourteenth Amendments to the United States

14  Constitution have been violated.

15  **ELEVENTH AFFIRMATIVE DEFENSE**

16  **(Reliance)**

17  174.   As an Eleventh, separate, and affirmative defense to the Complaint,

18  Defendant alleges that Defendant is not liable for any acts or omissions undertaken

19  with the permission or at the direction of any governmental authority, including but

20  not limited to any acts or omissions in accordance with permits, regulations, and

21  laws, if any, applicable at the time of such acts or omissions. Furthermore, that

22  Defendant, at all times relative to the matters which form the subject of the

23  Complaint, acted in reliance upon the directions given to it by the pertinent

24  government regulators.

25  **TWELFTH AFFIRMATIVE DEFENSE**

26  **(Best Management Practices)**

27  175.   As a twelfth, separate, and affirmative defense the Complaint,

28  Defendant is informed and believes and, based thereon, alleges that prior to the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

146652687.1

22

ANSWER TO COMPLAINT

1    commencement of this action, Defendant has adopted and implemented, to the

2    extent feasible, best management practices, in accordance with the General Permit,

3    and all other aspects of management and oversight, for the purposes of addressing

4    alleged discharges.

5                    **THIRTEENTH AFFIRMATIVE DEFENSE**

6                       **(Reservation Upon Discovery)**

7           176.   Defendant reserves the right to raise any other defense which may be

8    legally warranted and that may arise as a result of discovery in this case.

9                    **FOURTEENTH AFFIRMATIVE DEFENSE**

10                                  **(Notice)**

11          177.   As a fourteenth, separate, and affirmative defense, Defendant is

12   informed and believes and, based thereon, alleges that this Court lacks jurisdiction

13   over the claims for relief presented in the Complaint that are based on alleged

14   violations of the Clean Water Act, to the extent that Plaintiff has failed to comply

15   with the notice provision set forth in 33 U.S.C. § 1365(b) and in Title 40 of the Code

16   of Federal Regulations.  Furthermore, Plaintiff's alleged notice letter fails to

17   properly identify the pollutants allegedly discharged by Defendant and the specific

18   dates the violations allegedly occurred.

19                    **FIFTEENTH AFFIRMATIVE DEFENSE**

20                                  **(Cause)**

21          178.   As a fifteenth, separate, and affirmative defense, Defendant is informed

22   and believes and, based thereon, alleges that no act or omission by Defendant or its

23   agents and employees was the actual cause or proximate cause of any injury alleged

24   by Plaintiff in the Complaint.

25                    **SIXTEENTH AFFIRMATIVE DEFENSE**

26                          **(Conformed Conduct)**

27          179.   As a sixteenth, separate, and affirmative defense, Defendant is

28   informed and believes and, based thereon, alleges that all conduct and activities of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

146652687.1

ANSWER TO COMPLAINT

Defendant alleged in the Complaint conformed to statutes, government regulations and BMPs, based on the state of knowledge existing at the times alleged in the complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Contributory Limit)

180.   As a seventeenth, separate, and affirmative defense, Defendant is informed and believes and, based thereon, alleges that in the event that Defendant is held responsible, in whole or in part, for any civil penalties or other monetary award, and affirmative relief is granted against Defendant, then Defendant's liability is limited to the proportion of its contribution to any alleged injury or harm.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Mootness)

181.   As an eighteenth, separate, and affirmative defense, Defendant is informed and believes and based thereon, alleges that each cause of action therein is barred by the doctrine of mootness. Defendant presently complies with all applicable laws and regulations, and there is no reasonable likelihood that future violation of such laws and regulations will occur.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Attorney Fees)

182.   As a nineteenth, separate, and affirmative defense, Defendant is informed and believes and, based thereon, alleges that Plaintiff has neither facts nor a legal basis sufficient for an award of statutory attorneys' fees, and Plaintiff is not entitled to an award of attorneys' fees as a form of equitable relief.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Joinder)

183.   As a twentieth, separate, and affirmative defense, Defendant is informed and believes and, based thereon, alleges that the Complaint and each cause of action contained therein is barred because Plaintiff has failed to join necessary

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

and indispensable parties for a just adjudication of the claims raised in this proceeding.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Additional Unknown Defenses)

184.   As a twenty-first, separate, and affirmative defense, Defendant is alleges that Defendant presently has insufficient knowledge and information upon which to form a belief as to whether Defendant may have additional, as yet unstated, defenses. Accordingly, Defendant reserves the right to assert additional defenses in the event discovery and/or investigation reveals a factual and/or legal basis for such affirmative defenses.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Act of God)

185.   As a twenty-second, separate, and affirmative defense, Defendant is informed and believes, and on such information and belief alleges, that all alleged violations, alleged losses or alleged civil penalties, if any (all of which are expressly denied), were the direct and proximate result of an unavoidable incident or evolving environmental climate conditions and, as such, were an act of God without fault, liability or cause on the part of Defendant.

## JURY DEMAND

Answering Defendant hereby demands trial by jury of any and all issues so triable.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /



1        WHEREFORE, this answering Defendant prays for the following relief:

2     1.     That Plaintiff take nothing by way of the Complaint;

3     2.     That the Defendant be dismissed from this action with prejudice;

4     3.     For Defendant's costs of suit herein; and

5     4.     For such other and further relief as the Court may deem just and proper.

6  DATED:  October 15, 2024      LEWIS BRISBOIS BISGAARD & SMITH LLP

By:       */s/ Ryan Matthews*
        RYAN MATTHEWS
        Attorneys for Defendant, ACCURATE
        STEEL TREATING, INC.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**FEDERAL COURT PROOF OF SERVICE**
Los Angeles Waterkeeper v. Accurate Steel Treating, Inc.
Case No. 2:24-cv-07503-SK

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On October 15, 2024, I served the following document(s):

- ANSWER TO COMPLAINT

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒   (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on October 15, 2024, at Sacramento, California.

/s/ Alicia Crespo
Alicia Crespo

146652687.1

1
ANSWER TO COMPLAINT

**SERVICE LIST**
**Los Angeles Waterkeeper v. Accurate Steel Treating, Inc.**
**Case No. 2:24-cv-07503-SK**

| | |
|---|---|
| William N. Carlon<br>Law Office of William Carlon<br>437 Post Street<br>Napa, CA 94559 | Attorneys for Plaintiff, LOS ANGELES WATERKEEPER<br><br>T: 530-514-4115<br>william@carlonlaw.com |
| Barak J Kamelgard<br>Benjamin A. Harris<br>Erina Kwon<br>Los Angeles Waterkeeper<br>360 E 2nd Street, Suite 250<br>Los Angeles, CA 90012 | Attorneys for Plaintiff, LOS ANGELES WATERKEEPER<br><br>T: 310-394-6162<br>barak@lawaterkeeper.org<br>ben@lawaterkeeper.org<br>erina@lawaterkeeper.org |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW