WILLIAM N. CARLON (State Bar No. 305739)
Law Office of William Carlon
437 Post Street
Napa, CA 94559
Tel: (530) 514-4115
Email: william@carlonlaw.com

ERINA KWON (Bar No. 235079)
Email: erina@lawaterkeeper.org
BENJAMIN A. HARRIS (Bar No. 313193)
Email: ben@lawaterkeeper.org
LOS ANGELES WATERKEEPER
360 E 2nd Street Suite 250
Los Angeles, CA 90012
Phone: (310) 394-6162

Attorneys for Plaintiff
LOS ANGELES WATERKEEPER

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES WATERKEEPER,<br><br>Plaintiff,<br>vs.<br><br>ACCURATE STEEL TREATING, INC.,<br><br>Defendant. | Case No. 2:24-cv-07503-MWC-SSC<br><br>JOINT STATEMENT RE DISCOVERY DISPUTE<br><br>*Date of Hearing: September 9, 2025*<br>*Time of Hearing: 1:30 p.m.*<br>*Discovery Cut-off Date: September 12, 2025*<br>*Pretrial Conference Date: February 27, 2026*<br>*Trial Date: March 16, 2026* |

## JOINT STATEMENT

**Plaintiff's Statement:**

**Overview of Dispute and Efforts to Resolve**

Plaintiff propounded its first set of written discovery on November 21, 2024, which included Requests for Production of Documents ("Requests"). Defendant responded on December 23, 2024, but provided only objections to the Requests, and failed to produce any documents. Plaintiff attempted to meet and confer informally several times on this issue since receiving Defendant's inadequate responses. On July 10, 2025, Plaintiff served a letter pursuant to Civil Local Rule 37-1 which identified the discovery requests in dispute, stated Plaintiff's position and the authority supporting it, and set forth the terms of what Plaintiff would seek in a discovery order. The parties met and conferred several times after that, and ultimately submitted the dispute to Magistrate Judge Christensen via an informal discovery conference, which resulted in an order requiring Defendant to supplement its responses (ECF No. 30) by August 1, 2025. Defendant produced some responsive documents on Friday, August 1, 2025, but did not otherwise amend their objection-response from December 23, 2024. On Monday, August 4, 2025, Plaintiff's counsel raised Defendant's failure to provide all responsive documents and failure to provide an amended response that indicates whether Defendant intended to produce all documents, or whether certain documents were being withheld on the basis of privilege or other protections, and Plaintiff requested a further meet and confer on this issue. Defendant has, so far, refused to meet with Plaintiff any further on this issue.

Among the documents sought are those related to Defendant's financial status. In prior meet and confer efforts, counsel discussed entering into a protective order, and agreed that Defendant would provide a draft protective order well in advance of the August 1, 2025 deadline, such that the Court would have time to enter it, and then Defendant could meet their obligations under the Court's informal discovery conference order. Defendant failed to provide a draft protective order until the close of business August 5th, which Plaintiff promptly reviewed and provided authorization to file on August 6th. Defendant belatedly submitted the protective order to

1    the Court for entry on August 8th, and will not produce relevant financial documents until this is

2    in place.

3          In addition to the financial documents, Plaintiff sought a variety of other documents

4    relevant to this case, including documents related to management of storm water at the site, and

5    communications between various parties relating to storm water management practices.

6          Defendant's Responses to Requests 1-13, 18-21, 26-31, 33, 34, 38, 42-61 repeat the same

7    boilerplate objection: "Defendant objects to this Request as overbroad, unduly burdensome, and

8    seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product

9    Doctrine." Each of the requests seeks specific information, is information that should be readily

10   available to Defendant, and therefore not burdensome to produce, and seeks documents that are

11   related to the Defendant's ordinary operation of their business and storm water management

12   system. In any case, Defendant failed to provide a privilege log, or to even state whether

13   documents were being withheld on the basis of privilege as required by Rule 34. Defendant failed

14   to respond *at all* to Requests 14-17, 22-25, 32, 35-37, 84, and 85. And Defendant repeats the same

15   boilerplate objection to Requests 62-83, 86: "Defendant objects to this Request on the grounds

16   that it seeks information protected by the Attorney Work Product Doctrine, and on the grounds

17   that it seeks confidential, sensitive financial information without a legitimate basis." Defendant

18   has since conceded that such information is discoverable, and has even agreed to produce such

19   information pursuant to a protective order (though Defendant has failed to actually follow through

20   on that promise) but has not withdrawn or amended its responses to these Requests.

21         Plaintiff seeks an order from this Court requiring Defendant to amend its responses to

22   Plaintiff's first set of Requests for Production of Documents, to produce all non-privileged or

23   protected documents that are responsive to Plaintiff's Requests for Production of Documents 1-

24   86, and for monetary sanctions to Plaintiff to compensate it for its reasonable fees and costs

25   incurred as a result of (1) Defendant's failure to comply with the Court's Order (ECF No. 30);

26   and, for Plaintiff having to file this motion to compel these responses.

27

28   **Defendant's Statement: Defendant continues to actively work to comply with these requests,**

**and expects to produce additional documents and provide verified responses in the next 24-36 hours. Defendant's position is that no further order is or will be necessary.**

**Specific issues to be resolved:**

**REQUEST FOR PRODUCTION NO. 1:**
ANY AND ALL DOCUMENTS EVIDENCING ANY photographs or depictions of the PROPERTY OR the FACILITY, since January 1, 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 2:**
ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO YOUR SWPPP for the FACILITY, since January 1, 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 3:**
ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO YOUR STORM WATER MONITORING PROGRAM for the FACILITY since January 1, 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are

being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 4:**
ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO the FACILITY in which the term SWPPP is used or referenced between January 1, 2019 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 5:**
ANY AND ALL DOCUMENTS EVIDENCING ANY visual observations of STORM WATER at the FACILITY since January 1, 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 6:**
ANY AND ALL COMMUNICATIONS RELATED TO ANY visual observations of STORM WATER at the FACILITY since January 1, 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are

being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 7:**
ANY AND ALL DOCUMENTS EVIDENCING ANY SAMPLING or analysis of STORM WATER at the FACILITY for the period from January 1, 2019 to the present, including but not limited to laboratory analysis results, instructions and sampling procedures, and decisions whether to conduct sampling.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 8:**
ANY AND ALL COMMUNICATIONS RELATED TO ANY SAMPLING or analysis of STORM WATER at the FACILITY for the period from January 1, 2019 to the present, including but not limited to laboratory analysis results, instructions and sampling procedures, and decisions whether to conduct sampling.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 9:**
ANY AND ALL DOCUMENTS EVIDENCING the FACILITY's annual comprehensive facility compliance evaluations pursuant to section XV of the GENERAL PERMIT for all years from 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**

Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 10:**

ANY AND ALL COMMUNICATIONS RELATED TO the FACILITY's annual comprehensive facility compliance evaluations pursuant to section XV of the GENERAL PERMIT for all years from 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**

Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 11:**

ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO ANY site inspections concerning STORM WATER management at the FACILITY conducted between 2019 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**

Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 12:**

ANY AND ALL DOCUMENTS EVIDENCING the FACILITY's ANNUAL REPORTS, for all years from 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents

protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 13:**
ANY AND ALL COMMUNICATIONS RELATED TO THE FACILITY's ANNUAL REPORTS, including RELATING TO certifying the ANNUAL REPORTS, for all years from 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 14:**
ANY AND ALL DOCUMENTS AND COMMUNICATIONS provided to or received from the STATE WATER BOARD or the REGIONAL BOARD, RELATED TO THE FACILITY, since January 1, 2019.

**Plaintiff's Position:**
Defendant made no response to this Request. A response is required pursuant to Federal Rule of Civil Procedure 34(b)(2).

**REQUEST FOR PRODUCTION NO. 15:**
ANY AND ALL DOCUMENTS AND COMMUNICATIONS provided to or received from the STATE WATER BOARD or the REGIONAL BOARD, EVIDENCING STORM WATER at the FACILITY since January 1, 2019.

**Plaintiff's Position:**
Defendant made no response to this Request. A response is required pursuant to Federal Rule of Civil Procedure 34(b)(2).

**REQUEST FOR PRODUCTION NO. 16:**

ANY AND ALL DOCUMENTS AND COMMUNICATIONS provided to or received from a representative of ANY local regulatory agency other than the REGIONAL BOARD or the STATE BOARD RELATED TO STORM WATER at the FACILITY, since January 1, 2019.

**Plaintiff's Position:**

Defendant made no response to this Request. A response is required pursuant to Federal Rule of Civil Procedure 34(b)(2).

**REQUEST FOR PRODUCTION NO. 17:**

ANY AND ALL COMMUNICATIONS with a representative of ANY local regulatory agency other than the REGIONAL BOARD or the STATE BOARD RELATED TO STORM WATER at the FACILITY, since January 1, 2019.

**Plaintiff's Position:**

Defendant made no response to this Request. A response is required pursuant to Federal Rule of Civil Procedure 34(b)(2).

**REQUEST FOR PRODUCTION NO. 18:**

ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO BMPs, BAT, and BCT to control DISCHARGES of POLLUTANTS from the FACILITY, for the period from January 1, 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**

Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 19:**

ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO HAZARDOUS MATERIALS stored on or around the FACILITY, including but not limited to, correspondence to or from, and disclosures to, state or local agencies, notices of violation, and clean-up orders or plans, for the period from January 1, 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents

protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 20:**
ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO spills or discharges of HAZARDOUS MATERIALS on or around the FACILITY, including but not limited to, correspondence to or from, and disclosures to representatives of DEFENDANT, state or local agencies, notices of violation, and clean-up orders or plans, for the period from January 1, 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 21:**
ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO groundwater contamination and/or testing on or around the FACILITY, including but not limited to, correspondence to or from, and disclosures to, state or local agencies, notices of violation, and clean-up orders or plans, for the period from January 1, 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 22:**
ANY AND ALL DOCUMENTS EVIDENCING ANY inquiries by PERSONS RELATED TO

STORM WATER flowing off the PROPERTY since January 1, 2019, including but not limited to complaints regarding the volume, composition, smell, or problems with the STORM WATER.

**Plaintiff's Position:**
Defendant made no response to this Request. A response is required pursuant to Federal Rule of Civil Procedure 34(b)(2).

**REQUEST FOR PRODUCTION NO. 23:**
ANY AND ALL COMMUNICATIONS RELATED TO ANY inquiries by PERSONS RELATED TO STORM WATER flowing off the PROPERTY since January 1, 2019, including but not limited to complaints regarding the volume, composition, smell, or problems with the STORM WATER.

**Plaintiff's Position:**
Defendant made no response to this Request. A response is required pursuant to Federal Rule of Civil Procedure 34(b)(2).

**REQUEST FOR PRODUCTION NO. 24:**
ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO YOUR HAZARDOUS MATERIALS storage or handling permits, for the period from January 1, 2019 to the present.

**Plaintiff's Position:**
Defendant made no response to this Request. A response is required pursuant to Federal Rule of Civil Procedure 34(b)(2).

**REQUEST FOR PRODUCTION NO. 25:**
ANY AND ALL DOCUMENTS EVIDENCING ANY insurance contracts YOU have which may provide coverage for ANY claims relating to this litigation.

**Plaintiff's Position:**
Defendant made no response to this Request. A response is required pursuant to Federal Rule of Civil Procedure 34(b)(2).

**REQUEST FOR PRODUCTION NO. 26:**
ANY AND ALL COMMUNICATIONS RELATED TO ANY insurance contracts YOU have which may provide coverage for ANY claims relating to this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**

Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 27:**

ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO ANY physical alteration or addition to the FACILITY since January 1, 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**

Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 28:**

ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO ANY HAZARDOUS MATERIAL storage, or transport of HAZARDOUS MATERIAL to or from the FACILITY for the period from January 1, 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**

Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 29:**

ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO ANY construction, upgrades, maintenance or repairs to ANY structure, including berms, designed to control the flow of STORM WATER, at the FACILITY since January 1, 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**De**

**REQUEST FOR PRODUCTION NO. 30:**
ANY AND ALL DOCUMENTS AND COMMUNICATIONS, including ANY reports, estimates, or service orders, RELATED TO the construction of ANY retaining walls in ANY location at the FACILITY since January 1, 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 31:**
ANY AND ALL DOCUMENTS AND COMMUNICATIONS, including ANY reports, estimates, or service orders, RELATED TO the construction of ANY infiltration or catchment basins, evaporation ponds, percolation ponds, or combined sanitary/storm sewer system at the FACILITY since January 1, 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 32:**
ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO ANY land

surveys, soil studies, hydrology studies or percolation studies, conducted at the FACILITY since January 1, 2019.

**Plaintiff's Position:**
Defendant made no response to this Request. A response is required pursuant to Federal Rule of Civil Procedure 34(b)(2).

**REQUEST FOR PRODUCTION NO. 33:**
ANY AND ALL DOCUMENTS EVIDENCING the flow of STORM WATER on the PROPERTY, including but not limited to DOCUMENTS with information EVIDENCING the grading of the PROPERTY, SWPPPs, municipal sewer maps, and visual observations for the period from January 1, 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 34:**
ANY AND ALL COMMUNICATIONS RELATED TO the flow of STORM WATER on the PROPERTY, including but not limited to COMMUNICATIONS RELATED TO the grading of the PROPERTY, SWPPPs, municipal sewer maps, and visual observations for the period from January 1, 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 35:**
ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO ANY exemption from the GENERAL PERMIT or ANY GENERAL PERMIT requirements which YOU may be

claiming in this litigation.

**Plaintiff's Position:**

Defendant made no response to this Request. A response is required pursuant to Federal Rule of Civil Procedure 34(b)(2).

**REQUEST FOR PRODUCTION NO. 36:**

ANY AND ALL DOCUMENTS, including but not limited to plans, work orders, and invoices, EVIDENCING ANY effort by YOU to capture and retain STORM WATER at the FACILITY.

**Plaintiff's Position:**

Defendant made no response to this Request. A response is required pursuant to Federal Rule of Civil Procedure 34(b)(2).

**REQUEST FOR PRODUCTION NO. 37:**

ANY AND ALL COMMUNICATIONS, including but not limited to plans, work orders, and invoices, RELATED TO ANY effort by YOU to capture and retain STORM WATER at the FACILITY.

**Plaintiff's Position:**

Defendant made no response to this Request. A response is required pursuant to Federal Rule of Civil Procedure 34(b)(2).

**REQUEST FOR PRODUCTION NO. 38:**

ANY AND ALL DOCUMENTS, INCLUDING NOTICES OF INTENT, AND COMMUNICATIONS RELATED TO GENERAL PERMIT coverage for the FACILITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**

Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 39:**

ANY AND ALL DOCUMENTS EVIDENCING ANY ENVIRONMENTAL permit, other than the GENERAL PERMIT, issued to YOU, YOUR FACILITY, OR YOUR PROPERTY.

**Plaintiff's Position:**
Defendant made no response to this Request. A response is required pursuant to Federal Rule of Civil Procedure 34(b)(2).

**REQUEST FOR PRODUCTION NO. 40:**
ANY AND ALL COMMUNICATIONS RELATED TO ANY ENVIRONMENTAL permit, other than the GENERAL PERMIT, issued to YOU, YOUR FACILITY, OR YOUR PROPERTY.

**Plaintiff's Position:**
Defendant made no response to this Request. A response is required pursuant to Federal Rule of Civil Procedure 34(b)(2).

**REQUEST FOR PRODUCTION NO. 41:**
ANY AND ALL DOCUMENTS EVIDENCING ANY permit issued by the South Coast Air Quality Management District to YOU, YOUR FACILITY, OR YOUR PROPERTY.

**Plaintiff's Position:**
Defendant made no response to this Request. A response is required pursuant to Federal Rule of Civil Procedure 34(b)(2). Defendant did produce some permits issued by the South Coast Air Quality Management District, but since Defendant has not amended its response, it is not clear whether all responsive documents have been produced.

**REQUEST FOR PRODUCTION NO. 42:**
ANY AND ALL COMMUNICATIONS RELATED TO ANY permit issued by the South Coast Air Quality Management District to YOU, YOUR FACILITY, OR YOUR PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant did produce some permits issued by the South Coast Air Quality Management District, but since Defendant has not amended its response, it is not clear whether all responsive documents have been produced. Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 43:**
ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO ANY POLLUTANTS on the PROPERTY that have the potential to contact STORM WATER since

January 1, 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has produced some material safety data sheets that are responsive to this request, but since Defendant has not amended its response, it is not clear whether all responsive documents have been produced. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 44:**
ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO ANY analysis or opinion RELATED TO ANY POLLUTANTS present at the FACILITY OR in the FACILITY's DISCHARGES of STORM WATER ASSOCIATED WITH INDUSTRIAL ACTIVITY, including but not limited to the type and source(s) of each POLLUTANT, whether or not in the context of a pollutant source assessment pursuant to section X.G of the GENERAL PERMIT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has produced some material safety data sheets that are responsive to this request, but since Defendant has not amended its response, it is not clear whether all responsive documents have been produced. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 45:**
ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO YOUR determinations whether aluminum is present at the FACILITY AND whether it is present in the FACILITY's DISCHARGES of STORM WATER ASSOCIATED WITH INDUSTRIAL ACTIVITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**

Defendant has produced some material safety data sheets that are responsive to this request, but since Defendant has not amended its response, it is not clear whether all responsive documents have been produced. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 46:**
ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO YOUR determinations whether ammonia is present at the FACILITY AND whether it is present in the FACILITY's DISCHARGES of STORM WATER ASSOCIATED WITH INDUSTRIAL ACTIVITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has produced some material safety data sheets that are responsive to this request, but since Defendant has not amended its response, it is not clear whether all responsive documents have been produced. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 47:**
ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO YOUR determinations whether Bis(2ethylhexyl)phthalate (DEHP) is present at the FACILITY AND whether it is present in the FACILITY's DISCHARGES of STORM WATER ASSOCIATED WITH INDUSTRIAL ACTIVITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has produced some material safety data sheets that are responsive to this request, but since Defendant has not amended its response, it is not clear whether all responsive documents have been produced. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 48:**
ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO YOUR
determinations whether cadmium is present at the FACILITY AND whether it is present in the
FACILITY's DISCHARGES of STORM WATER ASSOCIATED WITH INDUSTRIAL
ACTIVITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents
protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has produced some material safety data sheets that are responsive to this request, but
since Defendant has not amended its response, it is not clear whether all responsive documents
have been produced. Defendant has not responded saying whether responsive documents will be
produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated
whether any responsive documents are being withheld as required by Federal Rule of Civil
Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 49:**
ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO YOUR
determinations whether coliform bacteria is present at the FACILITY AND whether it is present
in the FACILITY's DISCHARGES of STORM WATER ASSOCIATED WITH INDUSTRIAL
ACTIVITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents
protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not
responded saying whether responsive documents will be produced as required by Federal Rule of
Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are
being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 50:**
ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO YOUR
determinations whether copper is present at the FACILITY AND whether it is present in the
FACILITY's DISCHARGES of STORM WATER ASSOCIATED WITH INDUSTRIAL
ACTIVITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents
protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has produced some material safety data sheets that are responsive to this request, but since Defendant has not amended its response, it is not clear whether all responsive documents have been produced. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 51:**
ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO YOUR determinations whether cyanide is present at the FACILITY AND whether it is present in the FACILITY's DISCHARGES of STORM WATER ASSOCIATED WITH INDUSTRIAL ACTIVITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has produced some material safety data sheets that are responsive to this request, but since Defendant has not amended its response, it is not clear whether all responsive documents have been produced. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 52:**
ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO YOUR determinations whether diazinon is present at the FACILITY AND whether it is present in the FACILITY's DISCHARGES of STORM WATER ASSOCIATED WITH INDUSTRIAL ACTIVITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has produced some material safety data sheets that are responsive to this request, but since Defendant has not amended its response, it is not clear whether all responsive documents have been produced. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 53:**

ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO YOUR determinations whether dissolved oxygen is present at the FACILITY AND whether it is present in the FACILITY's DISCHARGES of STORM WATER ASSOCIATED WITH INDUSTRIAL ACTIVITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**

Defendant has produced some material safety data sheets that are responsive to this request, but since Defendant has not amended its response, it is not clear whether all responsive documents have been produced. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 54:**

ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO YOUR determinations whether fecal coliform is present at the FACILITY AND whether it is present in the FACILITY's DISCHARGES of STORM WATER ASSOCIATED WITH INDUSTRIAL ACTIVITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**

Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 55:**

ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO YOUR determinations whether iron is present at the FACILITY AND whether it is present in the FACILITY's DISCHARGES of STORM WATER ASSOCIATED WITH INDUSTRIAL ACTIVITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents

protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has produced some material safety data sheets that are responsive to this request, but since Defendant has not amended its response, it is not clear whether all responsive documents have been produced. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 56:**
ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO YOUR determinations whether lead is present at the FACILITY AND whether it is present in the FACILITY's DISCHARGES of STORM WATER ASSOCIATED WITH INDUSTRIAL ACTIVITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has produced some material safety data sheets that are responsive to this request, but since Defendant has not amended its response, it is not clear whether all responsive documents have been produced. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 57:**
ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO YOUR determinations whether nitrate plus nitrite (as N) is present at the FACILITY AND whether it is present in the FACILITY's DISCHARGES of STORM WATER ASSOCIATED WITH INDUSTRIAL ACTIVITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has produced some material safety data sheets that are responsive to this request, but since Defendant has not amended its response, it is not clear whether all responsive documents have been produced. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil

Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 58:**
ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO YOUR determinations whether oil is present at the FACILITY AND whether it is present in the FACILITY's DISCHARGES of STORM WATER ASSOCIATED WITH INDUSTRIAL ACTIVITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has produced some material safety data sheets that are responsive to this request, but since Defendant has not amended its response, it is not clear whether all responsive documents have been produced. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 59:**
ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO YOUR determinations whether pH affecting materials is present at the FACILITY AND whether it is present in the FACILITY's DISCHARGES of STORM WATER ASSOCIATED WITH INDUSTRIAL ACTIVITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has produced some material safety data sheets that are responsive to this request, but since Defendant has not amended its response, it is not clear whether all responsive documents have been produced. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 60:**
ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO YOUR determinations whether zinc is present at the FACILITY AND whether it is present in the FACILITY's DISCHARGES of STORM WATER ASSOCIATED WITH INDUSTRIAL ACTIVITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents
protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has produced some material safety data sheets that are responsive to this request, but
since Defendant has not amended its response, it is not clear whether all responsive documents
have been produced. Defendant has not responded saying whether responsive documents will be
produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated
whether any responsive documents are being withheld as required by Federal Rule of Civil
Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 61:**
ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO or in support of
the assertion in the FACILITY's SWPPP revised on January 11, 2024 that oil and pH affecting
materials are the only 303(d) POLLUTANTS applicable to Rio Hondo present at the FACILITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**
Defendant objects to this Request as overbroad, unduly burdensome, and seeking documents
protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**Plaintiff's Position:**
Defendant has produced some material safety data sheets that are responsive to this request, but
since Defendant has not amended its response, it is not clear whether all responsive documents
have been produced. Defendant has not responded saying whether responsive documents will be
produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated
whether any responsive documents are being withheld as required by Federal Rule of Civil
Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 62:**
ANY AND ALL FINANCIAL STATEMENTS EVIDENCING POLLUTION PREVENTION
RELATED TO YOU, the FACILITY, OR the PROPERTY for all years from 2019 to the present,
including but not limited to expenditures on Best Management Practices and consultants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**
Defendant objects to this Request on the grounds that it seeks information protected by the
Attorney Work Product Doctrine, and on the grounds that it seeks confidential, sensitive financial
information without a legitimate basis.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Though Defendant
has indicated that it will produce some responsive documents once a protective order is in place,
Defendant has filed such an order with the Court, even though the Plaintiff has agreed to the draft

proposed by Defendant. Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 63:**
ANY AND ALL COMMUNICATIONS RELATED TO FINANCIAL STATEMENTS EVIDENCING POLLUTION PREVENTION RELATED TO YOU, the FACILITY, OR the PROPERTY for all years from 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**
Defendant objects to this Request on the grounds that it seeks information protected by the Attorney Work Product Doctrine, and on the grounds that it seeks confidential, sensitive financial information without a legitimate basis.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Though Defendant has indicated that it will produce some responsive documents once a protective order is in place, Defendant has filed such an order with the Court, even though the Plaintiff has agreed to the draft proposed by Defendant. Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 64:**
ANY AND ALL DOCUMENTS EVIDENCING budgets for POLLUTION PREVENTION at the FACILITY OR the PROPERTY for all years from 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**
Defendant objects to this Request on the grounds that it seeks information protected by the Attorney Work Product Doctrine, and on the grounds that it seeks confidential, sensitive financial information without a legitimate basis.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Though Defendant has indicated that it will produce some responsive documents once a protective order is in place, Defendant has filed such an order with the Court, even though the Plaintiff has agreed to the draft proposed by Defendant. Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 65:**
ANY AND ALL COMMUNICATIONS RELATED TO budgets for POLLUTION PREVENTION at the FACILITY OR the PROPERTY for all years from 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**
Defendant objects to this Request on the grounds that it seeks information protected by the Attorney Work Product Doctrine, and on the grounds that it seeks confidential, sensitive financial information without a legitimate basis.

**Plaintiff's Position:**

Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 66:**

ANY AND ALL DOCUMENTS EVIDENCING YOUR cash flow OR the FACILITY's cash flow for all years from 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Defendant objects to this Request on the grounds that it seeks information protected by the Attorney Work Product Doctrine, and on the grounds that it seeks confidential, sensitive financial information without a legitimate basis.

**Plaintiff's Position:**

Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 67:**

ANY AND ALL COMMUNICATIONS RELATED TO YOUR cash flow OR the FACILITY's cash flow for all years from 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Defendant objects to this Request on the grounds that it seeks information protected by the Attorney Work Product Doctrine, and on the grounds that it seeks confidential, sensitive financial information without a legitimate basis.

**Plaintiff's Position:**

Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 68:**

ANY AND ALL YOUR BALANCE SHEETS AND the FACILITY's BALANCE SHEETS for all years from 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Defendant objects to this Request on the grounds that it seeks information protected by the Attorney Work Product Doctrine, and on the grounds that it seeks confidential, sensitive financial information without a legitimate basis.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 69:**
ANY AND ALL YOUR PROFIT AND LOSS STATEMENTS AND the FACILITY's PROFIT AND LOSS STATEMENTS for all years from 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**
Defendant objects to this Request on the grounds that it seeks information protected by the Attorney Work Product Doctrine, and on the grounds that it seeks confidential, sensitive financial information without a legitimate basis.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 70:**
ANY AND ALL YOUR FINANCIAL STATEMENTS, the FACILITY's FINANCIAL STATEMENTS, AND the PROPERTY's FINANCIAL STATEMENTS for all years from 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**
Defendant objects to this Request on the grounds that it seeks information protected by the Attorney Work Product Doctrine, and on the grounds that it seeks confidential, sensitive financial information without a legitimate basis.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 71:**
ANY AND ALL YOUR PROSPECTUSES AND the FACILITY's PROSPECTUSES for all years from 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Defendant objects to this Request on the grounds that it seeks information protected by the Attorney Work Product Doctrine, and on the grounds that it seeks confidential, sensitive financial information without a legitimate basis.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 72:**
ANY AND ALL DOCUMENTS EVIDENCING budgets for POLLUTION PREVENTION at the FACILITY OR at the PROPERTY for all years from 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**
Defendant objects to this Request on the grounds that it seeks information protected by the Attorney Work Product Doctrine, and on the grounds that it seeks confidential, sensitive financial information without a legitimate basis.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 73:**
ANY AND ALL COMMUNICATIONS RELATED TO budgets for POLLUTION PREVENTION at the FACILITY OR at the PROPERTY for all years from 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**
Defendant objects to this Request on the grounds that it seeks information protected by the Attorney Work Product Doctrine, and on the grounds that it seeks confidential, sensitive financial information without a legitimate basis.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 74:**
ANY AND ALL DOCUMENTS EVIDENCING YOUR assets, liabilities, and net worth OR the

FACILITY's assets, liabilities, and net worth for all years from 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**
Defendant objects to this Request on the grounds that it seeks information protected by the Attorney Work Product Doctrine, and on the grounds that it seeks confidential, sensitive financial information without a legitimate basis.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 75:**
ANY AND ALL DOCUMENTS RELATED TO YOUR income or the FACILITY's income for all years from 2019 to the present to the present, including but not limited to all statements of annual gross income and annual net income, whether audited or unaudited.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**
Defendant objects to this Request on the grounds that it seeks information protected by the Attorney Work Product Doctrine, and on the grounds that it seeks confidential, sensitive financial information without a legitimate basis.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 76:**
ANY AND ALL Income Tax Returns YOU have OR the FACILITY has submitted to the State of California for all years from 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**
Defendant objects to this Request on the grounds that it seeks information protected by the Attorney Work Product Doctrine, and on the grounds that it seeks confidential, sensitive financial information without a legitimate basis.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 77:**

ANY AND ALL Income Tax Returns YOU have OR the FACILITY has submitted to the United States Internal Revenue Service for all years from 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Defendant objects to this Request on the grounds that it seeks information protected by the Attorney Work Product Doctrine, and on the grounds that it seeks confidential, sensitive financial information without a legitimate basis.

**Plaintiff's Position:**

Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 78:**

ANY AND ALL Income Tax Returns YOU have OR the FACILITY has submitted to the United States Internal Revenue Service for all years from 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Defendant objects to this Request on the grounds that it seeks information protected by the Attorney Work Product Doctrine, and on the grounds that it seeks confidential, sensitive financial information without a legitimate basis.

**Plaintiff's Position:**

Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 79:**

ANY AND ALL IRS FORM 1099s YOU have OR the FACILITY has submitted to the United States Internal Revenue Service for all years from 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Defendant objects to this Request on the grounds that it seeks information protected by the Attorney Work Product Doctrine, and on the grounds that it seeks confidential, sensitive financial information without a legitimate basis.

**Plaintiff's Position:**

Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are

being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 80:**
ANY AND ALL DOCUMENTS that comprise YOUR personal or business bank account statements, including all brokerage accounts containing stocks, bonds or retirement fund accounts for all years from 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**
Defendant objects to this Request on the grounds that it seeks information protected by the Attorney Work Product Doctrine, and on the grounds that it seeks confidential, sensitive financial information without a legitimate basis.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 81:**
ANY AND ALL DOCUMENTS that comprise the FACILITY's bank account statements for all years from 2019 to the present.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**
Defendant objects to this Request on the grounds that it seeks information protected by the Attorney Work Product Doctrine, and on the grounds that it seeks confidential, sensitive financial information without a legitimate basis.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 82:**
ANY AND ALL DOCUMENTS EVIDENCING YOUR ownership, in whole or in part, of the PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**
Defendant objects to this Request on the grounds that it seeks information protected by the Attorney Work Product Doctrine, and on the grounds that it seeks confidential, sensitive financial information without a legitimate basis.

**Plaintiff's Position:**

Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 83:**
ANY AND ALL COMMUNICATIONS RELATED TO YOUR ownership, in whole or in part, of the PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**
Defendant objects to this Request on the grounds that it seeks information protected by the Attorney Work Product Doctrine, and on the grounds that it seeks confidential, sensitive financial information without a legitimate basis.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

**REQUEST FOR PRODUCTION NO. 84:**
ANY AND ALL DOCUMENTS EVIDENCING YOUR leasehold interest in, in whole or in part, the PROPERTY.

**Plaintiff's Position:**
Defendant made no response to this Request. A response is required pursuant to Federal Rule of Civil Procedure 34(b)(2).

**REQUEST FOR PRODUCTION NO. 85:**
ANY AND ALL COMMUNICATIONS RELATED TO YOUR leasehold interest in, in whole or in part, the PROPERTY.

**Plaintiff's Position:**
Defendant made no response to this Request. A response is required pursuant to Federal Rule of Civil Procedure 34(b)(2).

**REQUEST FOR PRODUCTION NO. 86:**
ANY AND ALL DOCUMENTS AND COMMUNICATIONS RELATED TO the costs of YOUR efforts to comply with the GENERAL PERMIT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**
Defendant objects to this Request on the grounds that it seeks information protected by the

Attorney Work Product Doctrine and the Attorney-Client Privilege, and on the grounds that it seeks confidential, sensitive financial information without a legitimate basis.

**Plaintiff's Position:**
Defendant has not produced any documents that are responsive to this request. Defendant has not responded saying whether responsive documents will be produced as required by Federal Rule of Civil Procedure 34(b)(2)(B). Defendant has not indicated whether any responsive documents are being withheld as required by Federal Rule of Civil Procedure 34(b)(2)(C).

DEFENDANT'S GENERAL POSITION

Rather than address each individual Request, Defendant provides an update to the Court generally. Defendant is in a position to provide full verified responses in the next 24 hours. The process has taken longer than expected, in part because of the voluminous requests, as well as their overbreadth.

However, Defendant is prepared to respond. Defendant has already produced a large number of the responsive documents, and has met and conferred with Plaintiff regarding the sensitive financial documents. Defendant has filed a Stipulated Protective Order with this Court, and upon that Order's execution by this Court, will produce those documents.

Finally, because many of these requests necessarily encompass each and every communication between Defendant and its counsel about the subject matter of this litigation, Defendant will produce a general privilege log outlining the fact that it withheld privileged documents between it, its counsel, and its expert consultants.

Dated: August 12, 2025                    Respectfully Submitted,

                                          LAW OFFICE OF WILLIAM CARLON


                                By:       /s/ William N. Carlon

                                          William N. Carlon
                                          Attorneys for Plaintiff
                                          LOS ANGELES WATERKEEPER

Dated: August 12, 2025                    LEWIS BRISBOIS BISGAARD & SMITH LLP

                                                          Signature authority
                                                          granted via email
                                By:       /s/ Ryan Matthews      on August 12, 2025

                                          Ryan Matthews
                                          Attorneys for Defendant
                                          ACCURATE STEEL TREATING, INC.

**ATTESTATION**

Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: August 12, 2025                    LAW OFFICE OF WILLIAM CARLON


By:    /s/ William N. Carlon

William N. Carlon
Attorneys for Plaintiff
LOS ANGELES WATERKEEPER