WILLIAM N. CARLON (State Bar No. 305739)
Law Office of William Carlon
437 Post Street
Napa, CA 94559
Tel: (530) 514-4115
Email: william@carlonlaw.com

ERINA KWON (Bar No. 235079)
Email: erina@lawaterkeeper.org
BENJAMIN A. HARRIS (Bar No. 313193)
Email: ben@lawaterkeeper.org
LOS ANGELES WATERKEEPER
360 E 2nd Street Suite 250
Los Angeles, CA 90012
Phone: (310) 394-6162

Attorneys for Plaintiff
LOS ANGELES WATERKEEPER

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOS ANGELES WATERKEEPER,<br><br>          Plaintiff,<br><br>     vs.<br><br>ACCURATE STEEL TREATING, INC.,<br><br>          Defendant. | Case No. 2:24-cv-07503-MWC-SSC<br><br>**DECLARATION OF WILLIAM CARLON**<br><br>*[Filed concurrently with Notice of Motion and Motion to Compel Further Discovery Responses]* |

I, William Carlon, declare:

1. I have personal knowledge of the facts set forth below, and if called as a witness, could and would testify to those facts under oath.

2. I am one of the attorneys representing Plaintiff Los Angeles Waterkeeper in the above-captioned matter.

3. On November 11, 2024, Plaintiff propounded its first set of written discovery, including Requests for Production of Documents ("Requests");

4. Defendant responded to the Requests on December 23, 2025, but only provided objections and did not state whether it would be producing any responsive documents, and did not produce any documents;

5. Between December and May, the parties have engaged in good faith settlement negotiations, including conducting a site visit and exchanging several drafts of a proposed consent decree;

6. On June 17, 2025, given the looming fact discovery cut-off deadline, Plaintiff sought a stipulation from Defendant seeking to extend the Court's deadlines, but received no response. A true and correct copy of the written correspondence in this case is included in **Exhibit 1**;

7. On June 19, 2025, I emailed Defendant's counsel asking to meet and confer on Defendant's responses to Plaintiff's first set of discovery, but received no response;

8. On June 24, 2025, I again asked Defendant's counsel to meet and confer on Defendant's responses to Plaintiff's first set of discovery, but received no response;

9. On July 1, 2025, Defendant's counsel finally responded to some of Plaintiff's requests, and agreed to seek the continuance of the trial dates;

10. On July 1, 2025, the Parties sought an extension of all court deadlines by 90 days (ECF No. 26);

11. On July 2, 2025, the Court denied the extension (ECF No. 27);

Decl. of William Carlon                          2                     Case No. 2:24-cv-07503-MWC-SSC

12. On July 3, 2025, I emailed Defendant's counsel seeking to meet and confer on the outstanding discovery, but received no response aside from an out-of-office reply indicating that counsel was unavailable that day;

13. On July 7, 2025, Plaintiff sent a letter to Defendant setting forth the discovery disputes and again seeking to meet and confer on these issues;

14. On July 8, 2025, counsel for Defendant responded, promising "substantive responses" to the issues raised by Plaintiff in its July 7th letter, but failed to provide any substantive responses relevant to the Requests;

15. On July 10, 2025, Plaintiff provided a letter detailing the specific concerns it had with Defendants' responses to the Requests;

16. On July 11, 2025, the Parties met and conferred regarding the discovery dispute, and during the meet and confer, Defendant conceded that its initial responses were inadequate and that Defendant would try to provide further responses, including documents, by July 15, 2025;

17. No further responses were provided by July 15, 2025, and Plaintiff proceeded with the Court's informal discovery conference procedures;

18. On July 28, 2025, the Parties conducted the informal discovery conference, and the Court ordered Defendant to produce supplemental responses to the Requests by no later than August 1, 2025 (ECF No. 30);

19. During the informal discovery conference, the Parties discussed with the Court the issue of getting a protective order in place before Defendant would produce sensitive financial documents, and Defendant committed to getting a draft to Plaintiff in enough time such that the Parties could submit it to the Court, and the Court could enter the protective order well in advance of the August 1st deadline;

20. No such protective order was provided to Plaintiff until August 8th;

21. On August 1, 2025, Defendant served supplemental responses to Plaintiff's first set of discovery, and produced some documents; however, Defendant's supplemental responses did not include responses to the Requests for Production of Documents;

22. On August 4, 2025, I emailed Defendant's counsel to ask whether Defendant was going to produce additional documents, a draft protective order, or amended responses apart from the objections that have stood since December 2024, and Plaintiff asked to meet and confer on this issue that day or the next;

23. Defendant's counsel responded by email on August 5th, indicating that he had thought the protective order had already been sent over, and copied a draft protective order, but did not respond to any of the other issues raised by Plaintiff;

24. On August 6th, I provided Defendant's counsel with authorization to file the stipulated request for a protective order, but Defendant did not file it until August 8th;

25. On August 11, 2025, the Parties conducted a site inspection of Defendant's facility pursuant to Federal Rule of Civil Procedure 34, and counsel were able to meet and confer in person on the outstanding document production. Defendant indicated that it was going to be producing additional documents, including financial documents once the protective order is entered, and some communications. The Parties were able to reach an agreement as to other documents that are publicly available, but have not yet been produced by Defendant even though they are relevant, responsive, and in Defendant's possession;

26. Given that today is the last day to notice a motion to compel, and given Defendant's history of overpromising and under-delivering responses to discovery, Plaintiff believes a Court order requiring Defendant to produce additional documents and responses is necessary. Given Defendant's failure to comply with the Court's earlier order requiring exactly the same thing, sanctions are appropriate here;

27. I have incurred 14.8 hours in trying to resolve this discovery dispute, as set forth in the accompanying table as **Exhibit 2** to this Declaration;

28. I have been practicing law for approximately ten years and my hourly rate for the Central District of California is $750;

29. Plaintiff's lodestar for its fees trying to resolve this dispute is therefore $11,100, as well as any fees – timesheets to be provided to the Court later - that are necessary to conclude this issue, including time spent at the hearing;

Decl. of William Carlon             4             Case No. 2:24-cv-07503-MWC-SSC

1 | I swear under penalty of perjury under the laws of both California and the United States
2 | that the foregoing is true and correct and that this declaration was executed on August 12, 2025
3 | at Napa, California.

_____
William N. Carlon